UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| STEVEN M. BARTA | : CASE NO. 24-50625-JAM |
| | : |
| Debtor | : November 21, 2024 |

OBJECTION TO CONFIRMATION

Roberta Napolitano, Chapter 13 Standing Trustee, ("Trustee") objects to the confirmation of the Chapter 13 Plan (ECF No. 7, "Plan") of the above-captioned Debtor(s) ("Debtor") for the following reason(s):

1. <u>The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan is feasible or represents the Debtor's best efforts.</u> Sections 521(a)(3) and 521(a)(4) of the Bankruptcy Code require the Debtor to cooperate with the Trustee so that she may perform her duties under the Code, and to turn over all recorded information relating to property of the estate. The Debtor has not provided:
   a. The Debtor's federal and state tax income tax returns for the two years prior to filing.

2. <u>The first meeting of creditors pursuant to Section 341 of the Bankruptcy Code has not been</u> concluded because of the Debtor's failure to provide the documents listed above.

3. <u>The Plan does not conform to the claims filed</u>.

   a. The Plan states unsecured non-priority claims total $30,888.32. The Trustee calculates filed unsecured non-priority claims to be $55,610.02, including estimates by the Department of the Treasury - Internal Revenue Service ("IRS") for 2018 and 2019.
   b. The Plan does not treat the lien of Webster Bank, N.A., secured by property of the estate; according to Proof of Claim No. 6, inspection fees totaling $175.00 are due.
   c. The Plan states there are no priority claims, although the IRS asserts its priority debt is $41,140.00, based on estimates for 2020-2023, in Proof of Claim No. 3.

4. <u>The Plan fails to pay priority claims in full as required by 11 U.S.C. § 1322(a)(2).</u>

5. <u>The Debtor has not filed all applicable Federal, State, and local tax returns as required by Section 1308 of the Bankruptcy Code</u>. The Plan may not be confirmed under Section 1325(a)(9) of the Bankruptcy Code. The Trustee believes that confirmation should be withheld until all tax returns have been filed and the taxing authorities have had an opportunity to file claims based entirely on actual liabilities.

6. <u>The Plan fails to comply with 11 U.S.C. §1325(a)(4) and provide for the distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation.</u>  It appears that unsecured claims are entitled to 100% plus interest at the federal judgment rate in effect on the date of confirmation.

7. <u>The Plan is not feasible under Section 1325(a)(6) of the Bankruptcy Code.</u>  The Plan proposes funding payments to creditors through the sale of one of two pieces of real property the Debtor owns but fails to set a deadline by which the sale should be consummated or provide for any consequences, such as automatic dismissal upon notice by the Trustee, if the sale does not take place.

Wherefore, the Trustee requests that Confirmation of the Plan be denied.

                                             <u>/s/ Roberta Napolitano, Trustee</u>
                                             Roberta Napolitano, Trustee
                                             Chapter 13 Standing Trustee
                                             10 Columbus Blvd., 6th Floor
                                             Hartford, CT 06106
                                             Tel: (860) 278-9410
                                             Email: rnapolitano@ch13rn.com
                                             Federal Bar No.: tr0837813

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| STEVEN M. BARTA | : CASE NO. 24-50625-JAM |
| | : |
| Debtor. | : November 21, 2024 |

CERTIFICATE OF SERVICE

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on the date set forth above, the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system, or by first class mail on the parties listed in section 2 below:

1. **Documents Served:** Objection to Confirmation

2. **Parties Served Via First Class Mail:**
   Debtor(s):
   STEVEN M. BARTA
   7 OAK HILL AVENUE
   NORWALK, CT 06854-2410

3. **Parties Served Electronically Include:**
   Debtor's Attorney: SCOTT M. CHARMOY
   Email: scottcharmoy@charmoy.com
   Andrew P. Barsom    abarsom@gllawgroup.com
   Office of the United States Trustee:
   Kim McCabe, Assistant United States Trustee
   ustpregion02.nh.ecf@usdoj.gov

                                          */s/ Roberta Napolitano*
                                          Roberta Napolitano
                                          Chapter 13 Standing Trustee
                                          10 Columbus Blvd., 6th Floor
                                          Hartford, CT 06106
                                          Tel: (860) 278-9410
                                          Email: rnapolitano@ch13rn.com
                                          Federal Bar No.: tr0837813